**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

No. 97-30941
_____


GEORGE R. TRANCHINA, JR.;
ZELLA M. TRANCHINA; GEORGE
R. TRANCHINA, SR. FAMILY
TRUST; RAPP'S ENTERPRISES,

                                        Plaintiffs-Appellants,

                         versus


HOWARD, WEIL, LABOUISSE,
FREDERICHS, INCORPORATED;
LEGG MASON WOOD WALKER, INC.
LEGG MASON HOWARD WEIL DIVISION,

                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
(95-CV-2886)
_____

May 11, 1998


Before WIENER, BARKSDALE and DEMOSS, Circuit Judges.

PER CURIAM:[*]


        This is an appeal from the district court's grant of a

judgment as a matter of law (j.m.l.) that reversed a jury verdict

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

favorable to Plaintiffs-Appellants, George R. Tranchina, Jr, Zella M. Tranchina, George R. Tranchina, Sr. Family Trust, and Rapp's Enterprises (collectively, "Plaintiffs"), who had sued Defendants-Appellants, Howard, Weil, Labouisse, Frederichs, Incorporated, and Legg Mason Wood Walker, Inc. Legg Mason Howard Weil Division (collectively, "Howard Weil") for losses incurred by Plaintiffs as a result of criminal defalcation by their friend and relative, Michael Sealey ("Sealey") while he was a stockbroker affiliated with Howard Weil. Although Plaintiffs characterize the district court's j.m.l. as error committed "by substituting its judgment of the facts for the judgment of the jury which decided the case," the discrete facts of this case are essentially undisputed. Thus the issue here, as in every appeal from the grant of a j.m.l. reversing a jury verdict, is whether the <u>legal</u> conclusions reached by the trial court on the basis of facts found by the jury or uncontested by the parties constitute legal error.

For reasons on which we can only speculate —— tactical, strategic, family harmony, recognition that one cannot get blood from a turnip, or something else —— Plaintiffs chose not to sue Sealey (who was headed to prison for the actions on which Plaintiff's civil claims are based) and to sue only Howard Weil. In so doing, Plaintiffs sought to recover on several legal theories, including breach of fiduciary duty, <u>respondeat</u> <u>superior</u>, "controlling person," and direct negligence for failing to maintain an adequate system to detect malfeasance such as Sealey's. Howard

Weil countered that in Louisiana a claim of breach of fiduciary duty of ordinary care (simple negligence) prescribes in one year, thus barring the claim here,[1] and that claims of liability as a "controlling person" under the securities laws preempts claims of <u>respondeat</u> <u>superior</u>, at least since the Supreme Court decided <u>Central Bank of Denver, N.A. v. First Interstate Bank of Denver</u>.[2] Additionally, Howard Weil stressed that the claims for losses in connection with the so-called M Group did not involve a "security" within the intendment of the securities laws and, most centrally, that Plaintiff's failure to exercise due diligence in the face of substantial notice and admonition from Howard Weil, choosing instead chose to have trust —— more accurately, blind faith —— in their friend and relative with whom they had done business prior to his association with Howard Weil and during a hiatus in his association with Howard Weil, must preclude recovery against Howard Weil.

Mindful of the role of the jury and its findings in this case, as well as the requirement that the trial court not grant a j.m.l. disturbing a verdict of the jury unless there is no "legally" sufficient evidentiary basis for a reasonable jury to find for the nonmoving party (here, Plaintiffs),[3] we review the district court's

---

[1] <u>See, e.g.</u>, <u>FDIC v. Abraham, et al.</u>, 137 F.3d 264 (5th Cir. 1998); <u>FDIC v. Barton</u>, 96 F.3d 128 (1996).

[2] 114 S. Ct. 1439 (1994).

[3] Fed.R. Civ.P. 50(a)(1).

judgment in this case <u>de</u> <u>novo</u>.  In conducting such a review today, we have read and carefully considered the arguments of Plaintiffs' counsel as advanced in their appellate briefs and in oral argument, and have given equal attention to the appellate brief and arguments of counsel for Howard Weil.  It is in light of those arguments and of the applicable law thus brought to bear on the district court's j.m.l. that we have scrutinized the Order and Reason penned by the district court in support of its judgment.  As a result, we come to the same conclusion as did the district court and do so for essentially the reasons so ably explicated by the court in its lengthy, well-crafted opinion.[4]  Rather than gild this lily by writing separately, we adopt the district court's Order and Reason in its entirety and incorporate it herein by reference.

AFFIRMED.

---

[4]  1997 WL 472664.